UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


ANTONIO R. MARTIN,

      Petitioner,

v.                                                                    Case No.  6:12-cv-1679-Orl-37GJK

SECRETARY, DEPARTMENT
  OF CORRECTIONS, et al.,

      Respondents.

_____/


**<u>ORDER</u>**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 12).  Petitioner filed a reply (Doc. No. 15) to the response.

Petitioner alleges two claims for relief in his habeas petition:  (1) the trial court erred in denying his request for a jury instruction on justifiable use of deadly force and justifiable use of non-deadly force; and (2) his convictions for both robbery and aggravated assault violated double jeopardy.

## I.      Procedural History

A jury found Petitioner guilty of robbery with a firearm (with discharge of a firearm) causing great bodily injury (count one), aggravated battery with discharge of a firearm causing great bodily harm (count two), and aggravated battery (count three). The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a total term of twenty-five years.  Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed the convictions and sentences on counts one and two but reversed the conviction and sentence on count three. Petitioner also filed a petition for writ of habeas corpus with the state appellate court, which was denied.

## II.     Legal Standards

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1]  *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas

---

[1]In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### III.    Analysis

### A.    Claim One

Petitioner contends that the trial court erred in denying his request for a jury instruction on justifiable use of deadly force and justifiable use of non-deadly force. This claim was raised in Petitioner's direct appeal.

In this case, Petitioner was charged along with two other co-defendants, Noah Geigan and Marissa Stem.  Ms. Stem was the girlfriend of Petitioner.  The testimony at trial revealed that the victim came over to Petitioner's apartment and that all of the defendants were in the apartment with the victim.  The victim was subsequently beaten, shot, and robbed.

Petitioner testified that he saw the victim and Mr. Geigan struggling over a gun in his living room and that he attempted to get the gun from the victim; he then heard the gun fire while the three of them were tussling.  Petitioner stated that he grabbed the victim's arm to keep the victim from bringing the gun up.  He also stated that he got involved in the struggle over the gun in order to protect himself, Ms. Stem, and his three-year old sister who was also in the apartment.

Although Petitioner's claim is properly exhausted, he nonetheless fails to show a constitutional violation meriting habeas relief.  In order to obtain habeas relief with regard to this matter, Petitioner must show that he "was erroneously deprived of a jury

4

instruction to which he was entitled under state law" and that the omitted instruction "so infected the entire trial that the resulting conviction violates due process." *Bell v. Ercole*, 631 F. Supp. 2d 406, 416-17 (S.D.N.Y. 2009) (quotations omitted) (citations omitted).

Pursuant to Florida law, section 776.012, Florida Statutes, a person is justified in using force, except deadly force, when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or another against the other's imminent use of unlawful force. "Deadly force" is defined as force likely to cause death or great bodily harm. § 776.06, Fla. Stat.

In the present case, the only force acknowledged by Petitioner was the act of holding the victim's arm. Moreover, Petitioner denied holding the gun or any other weapon. Focusing on the force used by Petitioner, an instruction on the justifiable use of deadly force was properly denied. *Jemmot v. State*, 779 So. 2d 472 (Fla. 2d DCA 2000) (when the defendant denied the use of a deadly weapon, he was not entitled to instruction as to the justified use of deadly force).

Likewise, an instruction on the justifiable use of non-deadly force was not applicable to the fact of this case. Instruction on self-defense with a non-deadly weapon in relation to the charged crimes would also have been inappropriate under Florida law in light of Petitioner's denial that he ever possessed the gun or any other weapon. *See Wright v. State*, 681 So. 2d 852 (Fla. 5th DCA 1996) ("proof that [the defendant] defended himself would necessarily disprove his sworn testimony that he put up no resistance at

5

all.  Because [the defendant] denied resisting Officers Bianci and Cunningham with violence, the trial court correctly refused [the defendant's] request to instruct the jury on his justifiable use of nondeadly force.").   In order for the self-defense to apply, Petitioner would have to admit that he committed the crimes.  However, Petitioner denied ever using the gun or any other weapon.  Therefore, he was not entitled to such an instruction.

The Court finds that, in the trial court's refusal to issue Petitioner's requested instructions, there is no indication that Petitioner was erroneously deprived of a jury instruction to which he was entitled under state law.  In fact, the evidence that was available amply supported the trial court's refusal to give Petitioner's requested instructions.  Moreover, even if erroneous, upon consideration of the jury charge in its entirety, the Court is persuaded that there is no indication that the omission of Petitioner's requested instructions so infected the entire trial that the resulting convictions violated due process.  Because the denial of this claim by the state courts was not contrary to, or an unreasonable application of, prevailing Supreme Court jurisprudence, Petitioner is not entitled to habeas relief on this claim, and it is denied.

**B.**    ***Claim Two***

Petitioner argues that his convictions for both robbery and aggravated assault violates double jeopardy. This claim was not raised with the state courts.

Supreme Court precedent requires that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for

habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971).  Exhaustion requires that "the substance of a federal habeas corpus claim must first be presented to the state courts." *Id.* at 278.   In other words, the claims presented by the petitioner to the state courts must be the "substantial equivalent" of the claims raised in the federal habeas petition. *Id.*  Here, Petitioner argued in his state petition for writ of habeas corpus that his appellate counsel was ineffective for failing to raise this claim on direct appeal. Petitioner did not did not present this claim independently in the state courts; rather, he thought his appellate counsel was ineffective for failing to raise this claim on direct appeal.  Consequently, Petitioner failed to exhaust this claim.

Under the circumstances, Petitioner has procedurally defaulted this claim since Florida's procedural rules now bar him from raising it in the Florida courts.  Although procedural default may bar a petitioner from pursuing his constitutional claims in state court, the claim may be considered in federal habeas if the petitioner qualifies for either of two exceptions. Petitioner may show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  The Court finds that Petitioner has not shown cause and prejudice or that the failure to consider these claims will result in a fundamental miscarriage of justice sufficient to excuse the default.  As a result, claim two is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

7

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Antonio R. Martin is **DENIED,** and this case is **DISMISSED WITH PREJUDICE**.

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.      This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a constitutional right.[2]   Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 27th day of January, 2014.

---

[2]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

_____
ROY B. DALTON JR.
United States District Judge


Copies to:
OrlP-2 1/27
Antonio R. Martin
Counsel of Record